James C. TULLIS

v.

**FIDELITY AND CASUALTY COMPANY OF NEW YORK, American Motorists Insurance Company of Chicago, and Wheless Drilling Company.**

Civ. A. No. 3245.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Aug. 29, 1967.

---

1. From dissenting opinion of Mr. Justice Frankfurter. (The Justices were not in disagreement on this point.)

Philip E. Henderson, O'Neal & Waitz, Houma, La., for plaintiff.

Maurice J. Wilson, Breazeale, Sachse & Wilson, Baton Rouge, La., for Fidelity & Casualty Co. of New York and Wheless Drilling Co., defendants.

Francis A. Ledet, Houma, La., for Maryland Casualty Co., intervenor.

WEST, District Judge:

This matter is before the Court on defendants' motion to dismiss for lack of jurisdiction. In his complaint the plaintiff first alleges that this Court has jurisdiction by reason of diversity of citizenship, there being more than $10,000 in controversy, and then plaintiff states:

> "The Intracoastal Canal is navigable water and the said crewboat is a vessel within the meaning of the maritime law, and the said injury is to be covered by the provisions of the General Maritime Law as well as by the provisions of the Extension of Admiralty Jurisdiction Act."

Plaintiff alleges that he was injured when he fell from a dock after disembarking from a crewboat. He alleges that the dock was unsafe in that it consisted of nothing but a single row of pilings connected with the shore by a single plank placed with one end on the piling and the other on the shore, spanning a washed out area between the pilings and the bank. As he was attempting to negotiate this passage from the pilings to the bank he slipped and fell, injuring himself. The accident occurred on February 23, 1964. Suit was not filed until July 21, 1965.

If this is to be considered as merely a diversity action under 28 U.S. C.A. § 1332, State law must apply. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Under the law of the State of Louisiana a suit for personal injuries must be brought within one year after the date of the occurrence giving rise to the suit. La.R.C.C. Art. 3536. Thus, if this case is to be considered as a diversity action only, it has clearly prescribed under the law of the State of Louisiana because suit was not brought until one year and five months following the date of the accident.

If on the other hand the suit is within the admiralty jurisdiction of the Court, the doctrine of laches rather than prescription would apply. Defendants contend that the suit is not within the admiralty jurisdiction of the Court because the accident and resulting injuries were not "caused by a vessel on navigable waters." They contend that because the accident occurred after the plaintiff had disembarked from the vessel and while he was on a fixed pier, it must be considered as having occurred on land, the said pier being nothing but an extension of the land. I must agree with the defendants. This case, except for damages, is not unlike the situation in Wiper v. Great Lakes Engineering Works, 340 F.2d 727 (CA 6—1965), cert. den. 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60 (1965), wherein the Court said:

"* * * Under the allegations of the complaint, defendant's negligently kept dock resulted in decedent's death by drowning in navigable waters, and therefore plaintiff contends that the tort should be deemed to have occurred in navigable water. However, docks and wharves are considered as extensions of land, * * *, and therefore the negligently maintained dock which presumably caused the decedent to fall was land, and the decedent was on land at the time he was caused to fall. Thus, the tort was complete before decedent ever touched the

water and this being true, the subsequent drowning is significant not to determine the maritime or non-maritime nature of this action but only as it relates to damages, * * *."

See also Thomson v. Chesapeake Yacht Club, Inc., 255 F.Supp. 555 (D.Md.1965); Johnson v. Traynor, 243 F.Supp. 184 (D.Md.1965); American Export Lines, Inc. v. Revel, 266 F.2d 82 (CA 4—1959); Hastings v. Mann, 340 F.2d 910 (CA 4—1965), cert. den. 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed.2d 153.

Thus, this Court concluding that the accident and injury of which plaintiff complains was not such as to bring his claim within the maritime jurisdiction of this Court, defendants' motion to dismiss for lack of admiralty jurisdiction will be granted, and if it is plaintiff's intention to have the Court alternatively consider this suit as a diversity action, the Court having found, on the face of the pleadings, that under Louisiana law the plaintiff's claim had prescribed by the passage of more than one year between the time of the accident and the time this suit was filed, this case is, for that reason also, dismissed.